**Leonard W. FRYER and Floyd F. Whitmore, Executors of the Manford F. Fryer Estate, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 74–26–W.**

United States District Court, S. D. Iowa, W. D.

July 7, 1977.

Len G. Leonard, Corning, Iowa, Robert F. Leonard, Sidney, Iowa, for plaintiffs.

James R. Rosenbaum, U. S. Atty., Des Moines, Iowa, Thomas R. Jones, Tax Div., Dept. of Justice, Washington, D.C., for defendant.

## ORDER

HANSON, Chief Judge.

This matter is before the Court for determination of the proper amount of federal estate tax refund due plaintiffs. The parties, who entered into a stipulation of facts, have submitted briefs addressing the issue of whether the United States is liable for statutory interest upon an overpayment of federal estate tax when such overpayment is made by the redemption of United States Treasury bonds. For purposes of placing its present ruling in context, the Court briefly revisits the record and sets forth the salient facts.

On November 26, 1973, the United States assessed a $43,759.04 deficiency in estate tax against plaintiffs as the executors of the Manford F. Fryer estate. The estate covered the alleged deficiency with the payment of cash and the redemption of United States Treasury bonds known as "flower bonds," 3½ per cent interest bearing bonds which were purchased from the Government at less than face value and then used by the decedent's estate to pay estate taxes at the bonds' full face value. Thereafter, plaintiffs filed a refund action in this Court.

After this Court overruled the parties' cross-motions for summary judgment, in July of 1975, the United States conceded the matters then at issue and, following a redetermination of the amount overpaid, authorized a refund of the overassessed tax and the interest due. The Government returned the overpaid cash and reissued replacement flower bonds to plaintiffs. With regard to the overpaid cash, the Government, as required by statute, paid interest of approximately 7 per cent. But, as for the returned flower bonds, the Government paid only the 3½ per cent which was owing for the period during which it had held these interest bearing bonds. It is this payment of only 3½ per cent interest on the flower bonds which has halted the complete settlement of this action. Plaintiffs allege that, in addition to the 3½ per cent owing and paid on the flower bonds, the Government should have paid the statutory interest of approximately 7 per cent.

Finding this case to be at an impasse, an impasse which the Government concedes will not moot itself out, the Court has carefully reviewed each of the parties' arguments regarding the proper amount of interest to be paid on the flower bonds. On its own motion, the Court, besides considering the Government's 3½ per cent figure and plaintiffs' 3½ per cent plus 7 per cent argument, has further considered a straight 7 per cent resolution: paying plaintiffs the 3½ per cent owing on the bonds and an additional 3½ per cent to total the approximately 7 per cent statutory interest requirement. In weighing each of the three alternatives, the Court has looked without success for a regulation or prior case that would point to one of the alternative figures as being clearly correct.

The parties, while also uncovering neither regulations nor precedent directly on point, have submitted arguments in support of their respective positions. Plaintiffs have placed considerable importance on the January 21, 1976 letter from Mildred L. Seidman, Chairman of the Revenue Section of the Department of Justice, in which it was indicated that statutory interest would be paid on the returned flower bonds. In resistance, defendant has argued that a

government agent cannot alter the governmental intent behind the bonds, which was to pay no more than the 3½ per cent. Indicative of that intent, defendant claims, is Congress' repeal of the statutory provision for "flower bonds," a provision that had resulted in large revenue losses. 31 U.S.C. § 757c–4; Senate Report No. 72–28, 92d Cong. (1st Session–1 Cum.Bull. 623). Also, defendant notes that Form PD 1782, which was completed by plaintiffs prior to substituting the redeemable Treasury bonds for payment of estate taxes, contained the following restrictive language:

No substitution will be permitted unless the claim to interest on the overpayment resulting therefrom is waived.

Similar language was contained within paragraph 5(c) of the form itself.

In consideration of the substitution, the undersigned waives claim to interest on the overpayment resulting from such action.

■ The Court, in reviewing plaintiffs' argument, concurs with defendant's assertion that, absent any apparent intent to deceive or mislead, the Government is neither bound nor estopped by an unauthorized act of one of its agents. *Wilber National Bank v. United States*, 294 U.S. 120, 123–24, 55 S.Ct. 362, 79 L.Ed. 798 (1935); *United States v. Kates*, 419 F.Supp. 846, 850 (E.D. Pa.1976). In this case there is evidence to suggest that the communication from Seidman as to the flower bonds was in fact unauthorized or at least contrary to Congressional intent. Clearly, as all parties concede, the Government can establish the terms and conditions under which such bonds may be used to satisfy tax obligations and determine the conditions under which overpayment by bonds can be refunded. *Smietanka v. Ullman*, 275 F. 814, 815 (7th Cir. 1921). It is for this reason that considerable significance attaches to Form PD 1782. While plaintiffs may be correct in claiming that the form does not specifically address the problem of statutory interest on an overpayment of illegally assessed estate tax, the importance of the form is not that it constitutes a waiver but that it is suggestive of the Government's intent and puts the taxpayer on notice of that intent—not to pay more than 3½ per cent on flower bonds in any situation.

This Court cannot say that the Government's action is either an unreasonable or unfair implementation of a Congressional enactment which provided for bonds that saved the taxpayer money in the first instance. While the Court sees merit in an argument that the Government should be required to pay the 3½ per cent owing on the bonds plus an additional 3½ per cent, to bring the interest up to the approximate 7 per cent paid on cash for which the flower bonds were a substitute, it sees little merit in plaintiffs' argument for 3½ per cent plus 7 per cent, which essentially petitions for "windfall" profit. Neither of these two positions however, can be sustained in face of the Form PD 1782.

Accordingly,

IT IS HEREBY ORDERED that statutory interest is not due upon the bonds refunded but only upon the cash paid to satisfy the deficiency assessed.